D/F

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

---

HILDA SOLIS, Secretary of Labor, : Civil Action File
United States Department of Labor,
: No. 12-CV-1788
Plaintiff,
v. : CONSENT JUDGMENT

SJF
OAKDALE RESTAURANT CORP., a Corporation : **FILED**
d/b/a Mannino's Restaurant and Lounge; and IN CLERK'S OFFICE
GUISEPPE MANNINO, Individually and as President, : U S DISTRICT COURT E D N Y
JOHN MANNINO, Individually and as Vice President, and
FRANK MANNINO, Individually and as Treasurer : ★ APR 2 0 2012 ★

Defendants : **LONG ISLAND OFFICE**

---

Plaintiff, the Secretary of Labor, has filed her Complaint and defendants Oakdale Restaurant Corp.; Guiseppe Mannino, Individually and as President; John Mannino, Individually and as Vice President; and Frank Mannino, Individually and as Treasurer, appeared by Counsel, waive their answer, and agree to the entry of this judgment without contest. By executing this Consent Judgment, defendants waive formal service of process of the summons and complaint in this matter.

Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown ORDERED that:

I. Defendants, Oakdale Restaurant Corp. d/b/a Mannino's Restaurant and Lounge and John Mannino, Individually and as President, Guiseppe Mannino, Individually and as Vice President, and Frank Mannino, Individually and as Treasurer, their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they

hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2) Defendants shall pay employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation in compliance with the Act.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

II. Defendants Oakdale Restaurant Corp. and Guiseppe Mannino, Individually, Frank Mannino, Individually, and John Mannino, Individually, are enjoined and restrained from withholding the payment of a total of $91,767.84 ($73,170.21 in minimum wage and overtime

2

compensation, plus $18,292.49 in Liquidated Damages, plus post-judgment interest in the amount of $305.14) due certain employees listed on Exhibit A.

Payment of this amount will be made in monthly installments in accordance with the amount and due date set forth in Exhibit B. All payments shall be in separate cashier or certified checks made payable to "Wage and Hour Division - Labor" with "Case No. 1596274" written on the face of each check. The checks shall be sent to:

U.S. Department of Labor/Wage & Hour Division
The Curtis Center, Suite 850, West
170 S. Independence Mall West
Philadelphia, PA 19106-3317

III. On or before the dates indicated on Exhibit B, defendants shall send a copy of each of the checks to:

U.S. Department of Labor/Wage & Hour Division
1400 Old Country Road, Suite 410
Westbury, New York 11590-5119
Attn: Diane Callan, Assistant Director

IV. Neither defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment.

V. The plaintiff shall deliver the proceeds of each check less any legal deductions to the employees named on Exhibit A. Any sums not distributed to the employees or to their personal representatives, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042.

3

VI. Defendants shall provide to plaintiff the social security numbers and last known addresses of the defendants' employees and former employees to be paid under this judgment.

VII. Defendants shall pay civil money penalties in the amount of $7,529.86 ($7,480.00 in civil monetary penalty plus $49.86 in interest) no later than November 16, 2012. Payment shall be made by separate cashier or certified check[s] made payable to **"Wage and Hour Division - Labor"** with **"Civil Money Penalty – FLSA Case No. 1596274"** written on the face of the check for $7,529.86. Payment of this amount will be made in accordance with the amount and due date set forth in Exhibit B.

The certified check[s] shall be sent to:

**U.S. Department of Labor/Wage Hour Division**
**The Curtis Center, Suite 850 West**
**170 S. Independence Mall West**
**Philadelphia, PA 19106-3317**

On or before November 16, 2012, Defendants shall send a copy of the check to Diane Callan, Assistant Director as set forth in paragraph III above.

VIII. If the defendants fail to make an installment payment on Exhibit B without making up the arrearage within two weeks after written notice to defendants, the entire balance shall become due and payable immediately.

IX. Defendants shall place FLSA posters in English and in any other language spoken by the employees. These posters will be provided by the Wage and Hour Division as available. Defendants shall display the posters where employees may view them.

X. Defendants shall orally inform all their employees in English and in any other language spoken by the employees of the their rights under the Fair Labor Standards Act, and the

4

terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. The defendants shall so inform their employees within thirty (30) days of the entry of Judgment on a workday.

XI. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against defendant under section 16(b) of the Act for any violations alleged to have occurred after **April 30, 2011.**

5

XII. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

**SO ORDERED:**

DATED: 4/20/2012
Central Islip, NY

s/ Sandra J. Feuerstein

UNITED STATES DISTRICT JUDGE

Defendants have appeared by counsel and consent to the entry of this Judgment.

Oakdale Restaurant Corp.

BY:

Giuseppe Mannino, Individually and as President

John Mannino, Individually and as Vice President

Frank Mannino, Individually and as Treasurer

Christopher A. Smith, Esq., Only as attorney
1311 Mamaroneck Ave
Suite 170
White Plains, NY, 10605

Attorney for Defendants

6

STATE OF NEW YORK )
:SS:
COUNTY OF SUFFOLK )

On the 23 day of March 2012 before me personally appeared GUISEPPE MANNINO, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ROBERT H. SZCZUROWSKI
Notary Public, State of New York
No. 01SZ6124648
Qualified in Suffolk County
Commission Expires March 28, 2013

7

Case 2:12-cv-01788-SJF-ARL Document 2 Filed 04/20/12 Page 8 of 11 PageID #: 26

STATE OF NEW YORK )
:SS:
COUNTY OF SUFFOLK )

On the 23 day of March, 2012 before me personally appeared JOHN MANNINO, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

NOTARY PUBLIC

ROBERT H. SZCZUROWSKI
Notary Public, State of New York
No. 01SZ6124648
Qualified in Suffolk County
Commission Expires March 28, 2013

8

STATE OF NEW YORK )
:SS:
COUNTY OF SUFFOLK )

On the 23 day of March 2012 before me personally appeared FRANK MANNINO, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

NOTARY PUBLIC

ROBERT H. SZCZUROWSKI
Notary Public, State of New York
No. 01SZ6124648
Qualified in Suffolk County
Commission Expires March 28, 2013

9

# EXHIBIT A

*Oakdale Restaurant Corp.*
*d/b/a/ Mannino's Restaurant and Lounge*
*Case ID 1596274*

| First Name | MI | Last Name | BWs Due | LD's | Interest | Total |
|---|---|---|---|---|---|---|
| JUAN | | ARGUETA | $3,386.25 | $846.56 | $14.09 | $4,246.90 |
| JOSE | | BENITEZ | $3,858.75 | $964.68 | $16.07 | $4,839.50 |
| HECTOR | | CRUZ | $2,912.00 | $728.00 | $12.14 | $3,652.14 |
| ANGEL | Jamie | DOE | $2,812.50 | $703.12 | $11.63 | $3,527.25 |
| JOSE | | GARCIA | $3,375.00 | $843.75 | $14.07 | $4,232.82 |
| CESAR | | GRANADOS | $3,269.23 | $817.30 | $25.03 | $4,111.56 |
| JOSE | | GRANADOS | $6,000.00 | $1,500.00 | $13.51 | $7,513.51 |
| OMAR | | GRANADOS | $4,968.75 | $1,242.18 | $20.61 | $6,231.54 |
| OSCAR | | GRANADOS | $3,400.00 | $850.00 | $14.18 | $4,264.18 |
| LEO | | LEONEL | $4,875.00 | $1,218.75 | $20.32 | $6,114.07 |
| DOE | | LOPEZ | $5,812.50 | $1,453.12 | $24.20 | $7,289.82 |
| EDER | | MARTINEZ | $1,466.25 | $366.56 | $6.10 | $1,838.91 |
| JAIME ANTONIO | | MARTINEZ | $3,269.23 | $817.30 | $13.52 | $4,100.05 |
| CARLOS | | RODRIGUEZ | $318.75 | $79.68 | $1.33 | $399.76 |
| RODRIGO | | ROMERO | $1,989.00 | $497.25 | $9.54 | $2,495.79 |
| TOM | | STEVENSON | $9,226.23 | $2,306.56 | $38.40 | $11,571.19 |
| ANTONIO | | UMANSOR | $5,500.00 | $1,375.00 | $22.62 | $6,897.62 |
| ELOY ALEJANDRO | | URIAS | $384.62 | $96.15 | $1.38 | $482.15 |
| JERRY GIOVANNI | | VELASQUEZ | $3,596.15 | $899.03 | $15.00 | $4,510.18 |
| AQUILINO | | VILLATORO | $2,750.00 | $687.50 | $11.40 | $3,448.90 |
| **Total** | | | **$73,170.21** | **$18,292.49** | **$305.14** | **$91,767.84** |
# EXHIBIT A

# EXHIBIT B

*Oakdale Restaurant Corp.*
*d/b/a/ Mannino's Restaurant and Lounge*
*Case ID 1596274*

| Payment | Date Due | Principal Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 04/16/2012 | $13,033.47 | $76.22 | $13,109.69 |
| 2 | 05/16/2012 | $13,044.33 | $65.36 | $13,109.69 |
| 3 | 06/16/2012 | $13,055.20 | $54.49 | $13,109.69 |
| 4 | 07/16/2012 | $13,066.08 | $43.61 | $13,109.69 |
| 5 | 08/16/2012 | $13,076.97 | $32.72 | $13,109.69 |
| 6 | 09/16/2012 | $13,087.87 | $21.82 | $13,109.69 |
| 7 | 10/16/2012 | $13,098.78 | $10.92 | $13,109.70 |
| Total | | **$91,462.70** | **$305.14** | **$91,767.84** |
| **8 | 11/16/2012 | $7,480.00 | $49.86 | $7,529.86 |

** Civil Money Penalty

# EXHIBIT B

11